UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY MARCUS MAYBERRY,

    Plaintiff,

    v.                                       CAUSE NO.: 3:23-CV-1023-TLS-APR

NATE PULLEY, et al.,

    Defendants.

**OPINION AND ORDER**

Timothy Marcus Mayberry, a prisoner without a lawyer, filed an objection to the Order entered by United Stated Magistrate Judge Andrew P. Rodovich denying the motion to strike affirmative defenses. If a party files an objection to an order entered by a magistrate judge, the presiding district judge will consider it and "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

On June 3, 2024, Mayberry filed a motion to strike the eleven affirmative defenses asserted in the Deputy Warden Payne's answer. ECF No. 18. Judge Rodovich denied the motion, finding that Mayberry had not demonstrated prejudice. ECF No.20. Judge Rodovich reasoned as follows:

> Here, Mayberry asserts that he will be prejudiced by having to waste time researching the merits of the eleven asserted defenses, and his time is scarce due to the limits placed on him by his incarceration. This argument is disingenuous, as many of the listed affirmative defenses, such as that Payne acted reasonably, is something that Mayberry must address anyway, as he bears the burden to prove that Payne acted deliberately indifferent to his right to nutritionally adequate food,

> whether or not Payne argues that his actions were reasonable. Thus, Mayberry will not be unduly burdened by the inclusion of these affirmative defenses in the answer, and further litigation over this matter will only serve to delay proceeding to the briefing and resolution of whether Mayberry exhausted the administrative remedies that were available to him at the prison.

*Id.* at 4.

The court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see Delta Consulting Grp. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). However, motions to strike are disfavored and will generally be denied unless the portion of the pleading at issue is clearly prejudicial and of no possible relevance to the controversy at issue. *Heller v. Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Tektel, Inc. v. Maier*, 813 F. Supp. 1331, 1334 (N.D. Ill. 1992). Prejudice results, for instance, "where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party." *Cumis Ins. Soc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997). The determination of whether to strike under Rule 12(f) is within the discretion of the trial court. *Delta Consulting Grp.*, 554 F.3d at 1141.

In the objection, Mayberry illustrates the risk of prejudice by noting that Deputy Warden Payne could file a motion for summary judgment based on a failure to mitigate theory that had not previously been disclosed and that he may not have anticipated. He further notes that he would have only twenty-eight days to prepare a response to the motion for summary judgment and that this scenario presents an undue hardship on him given his status as an incarcerated individual proceeding pro se.

Though Mayberry's concerns are understandable, his illustration underestimates his own abilities and overlooks several key components of the federal civil litigation process. To start,

2

Mayberry's memorandum in support of his motion to strike reveals his baseline familiarity with the asserted defenses and his ability to determine whether they are applicable affirmative defenses. ECF No. 18-1. Indeed, he has correctly deduced that many of the asserted defenses are technically "negative defenses," or defenses that aim "to negate the elements of [his] claims" rather than affirmative defenses, which "assume that the allegations of the complaint are true and then articulate a separate reason why the defendant is not liable."

The illustration also does not account for the likelihood that Deputy Warden Payne's favored defense theories and the facts and evidence upon which they rely will be both developed and revealed through the discovery process. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) ("Before discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case."); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession."). Moreover, while Mayberry is entitled to only twenty-eight days to prepare a response to a summary judgment motion as a matter of course, the Court will grant requests for extensions of time upon a showing of good cause pursuant to Fed. R. Civ. P. 6(b). Under such circumstances, the Court might also entertain motions to defer a ruling on the summary judgment motion and to reopen discovery for a limited purpose pursuant to Fed. R. Civ. P. 56(d). Because Mayberry has not adequately demonstrated prejudice, the Court cannot find that Judge Rodovich clearly erred by denying the motion to strike, and the objection is overruled.

Mayberry also filed a substantially similar motion to strike the affirmative defenses asserted by the Aramark defendants. ECF No. 28. Due to a similar lack of prejudice, the Court also denies this motion.

For these reasons, the Court:

(1) OVERRULES the Objection to the order denying the motion to strike [ECF No. 25]; and

(2) DENIES the Motion to Strike [ECF No. 28].

SO ORDERED on August 15, 2024.

                                                  s/ Theresa L. Springmann
                                                  JUDGE THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT