UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY MARCUS MAYBERRY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-1023 |
| NATE PULLEY, *et al.*, | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the court on the Motion to Compel Discovery [DE 110] filed by the plaintiff, Timothy Marcus Mayberry, on May 9, 2025. Mayberry, a prisoner without a lawyer, filed a motion to compel responses to his requests for production from the defendants. [DE 110]. For the reasons set forth below, the motion is **GRANTED IN PART**.

Under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Rule 26 vests this Court with broad discretion in determining the scope of discovery, which the Court exercises mindful that the standard for discovery under Rule 26(b)(1) is widely recognized as one that is necessarily broad in its scope in order to allow the parties essentially equal access to the operative facts." *Scott v. Edinburg*, 101 F. Supp. 2d 1017,

1021 (N.D. Ill. 2000). The court has "broad discretion over discovery matters." *Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004).

Mayberry proceeds on an Eighth Amendment claim for damages against Supervisor Nate Pulley, Deputy Warden George Payne, Warden William Hyatte, Commissioner Christina Reagle, and Commissioner Robert Carter, Jr., for acting with deliberate indifference to his right to nutritionally adequate food from November 2021 through April 2022 at Miami Correctional Facility. [DE 31]. He also proceeds on an Eighth Amendment claim against Aramark Corporation for a policy of providing spoiled and rotten food, resulting in Mayberry receiving inadequate nutrition from November 2021 through April 2022. *Id.* Notably, the defendants are represented by two sets of counsel, and, for ease of reference, the court will refer to Supervisor Pulley and Aramark as "the Aramark Defendants" and to Deputy Warden Payne, Warden Hyatte, Commissioner Reagle, and Commissioner Carter as "the State Defendants."

On January 21, 2025, Mayberry filed requests for production directed at all Defendants. [DE 94]. On April 30, the Aramark Defendants and the State Defendants each filed responses. [DE 107; DE 108]. On May 2 and June 24, the Aramark Defendants supplemented their responses. [DE 109; DE 131; DE 132]. On June 23, the State Defendants supplemented their responses. [DE 126].

In the motion to compel, Mayberry takes issue with the objection lodged by the Aramark Defendants in response to Request No. 1.

> **Request No. 1:** Please produce any all documents you may use to support your defense that you did not violate the Ku Klux Klan Act.[1]
>
> **Aramark Response:** Defendants have not plead such a defense.

[DE 108 at 2-3].

Mayberry argues that his request warrants a different response because he asserts claims under the Ku Klux Klan Act and because the Aramark Defendants denied the allegations in his complaint. The Aramark Defendants responded that they construed this request as seeking information relating to affirmative defenses and that the request is overbroad to the extent it seeks information supporting their efforts to disprove the allegations of his claims or their negative defense. Mayberry replies that his request closely resembles the category of initial disclosures at Fed. R. Civ. P. 26(a)(1)(A)(ii).

The court agrees that sweeping requests like Request No. 1 are of limited utility and are difficult to fully satisfy or administer. The better practice is to supplement this broad request with more specific requests or to otherwise identify what specific information a party is seeking, and this would also be true with initial disclosures. Further, in contrast with the broad initial disclosure categories, the Federal Rules of Civil Procedure require that requests for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). Nevertheless, the court acknowledges that the parties did not exchange initial

---

[1] For purposes of clarity, the court observes that Mayberry has demonstrated a preference for referring to his Section 1983 claims as violations of the Ku Klux Klan Act.

3

disclosures in this case and that it cannot fairly characterize the request as unreasonable due to its resemblance to the initial disclosure category. It is also unclear whether or to what degree the Aramark Defendants are withholding material responsive information. Therefore, the motion to compel is **GRANTED** with respect to Request No. 1. The Aramark Defendants should produce any discovery that they would have disclosed in initial disclosures, assuming they were due on the date of this Order, and that has not already been produced in this case.

In the motion to compel, Mayberry argues that both the State and Aramark Defendants' responses are inadequate with respect to Request No. 2.

> **Request No. 2:** Please produce any and all documents that identify all foodservice contract employees who worked for you between November 2021 and April 2022.
>
> **State Response:** Objection – State Defendants object to Plaintiff's Request No. 2 . . . as documents identifying foodservice contract employees are not within the possession, custody, or control of State defendants, and State Defendants are under no obligation to create a document or list identifying foodservice contract employees which does not already exist. State Defendants also object to Plaintiff's Request No. 2 insofar as Plaintiff requests identification of "incarcerated foodservice employees" on safety and security concerns, as this information is confidential and restricted by the Indiana Department of Correction and is not shared with incarcerated individuals pursuant to 210 I.A.C. 1-6-2(3).
>
> **Aramark Response:** Defendants object to this request for production of documents insofar as it is overbroad and unduly burdensome in what its requesting. The request is further not reasonably limited in time or scope. The Plaintiff is the recipient of a kosher diet. A full list of all food service workers is not relevant to the matters before the Court. Subject to that objection, please see the documents produced.

[DE 107 at 3-5; DE 108 at 3]. In the response to the motion to compel, the Aramark Defendants acknowledged that Mayberry was not on a kosher diet on the dates relevant

4

to this case, and they later supplemented their response to this request. [DE 13; DE 132]. Mayberry does not address whether these supplemental responses are sufficient to satisfy this request, so the motion to compel is denied with respect to Request No. 2.

In the Motion to Compel, Mayberry argues that the Aramark Defendants' response is inadequate with respect to Request No. 3.

> **Request No. 3:** Please produce any and all documents that may be material to the incident, including, without limitation, any non-privileged communication you have had with any person relating to the incident.
>
> **Aramark response:** Defendant objects to this request as it is not reasonably particular as required by Fed. R. Civ. P. 34. The request, as stated, forces the Defendants to speculate as to what the Plaintiff is requesting. Because the request is vague and so overbroad, the Defendant is unable to answer this request.

[DE 108 at 3]. Mayberry's requests define "incident" as "the event or events described in my Verified Complaint for Damages." [DE 94 at 6].

Mayberry argues that his request for "any non-privileged communications" is not vague. The Aramark Defendants respond that the complaint encompasses a large and indefinite number of events and that the term "material" is also vague. The court agrees that the request as written is both vague and overbroad. As written, this request would arguably require Aramark to produce every communication relating to food production at the Miami Correctional Facility that occurred or pertained to November 2021 through April 2022 (or longer), which would be disproportionate to the needs of this case. For an appropriate request, Mayberry must describe the relevant events with greater particularity. Therefore, the Motion to Compel is **DENIED** with respect to Request No. 3.

5

In the Motion to Compel, Mayberry argues that the responses from both sets of Defendants are inadequate with respect to Request No. 4.

> **Request No. 4:** Please produce any and all documents or logs showing when you delivered foodservice to LHU during all times relevant to the incident; and the time said food service was actually passed to prisoners.

[DE 94 at 8]. The State Defendants objected on the basis of relevance, noting that the court had dismissed claims relating to the timing of food service, and further objected based on the volume of the logbooks amounting to about 620 double-sided pages each with 56 entry lines and that they would need to manually review each handwritten entry to locate responsive log pages. [DE 107 at 5-6]. The Aramark Defendants' response deferred to the State Defendants. [DE 108 at 3-4].

Mayberry argues that, while he was not permitted to proceed on a claim relating to the duration of time between meals, his inadequate nutrition claim encompasses his allegations that he was served expired or spoiled food. The State Defendants respond that Mayberry only assumes that the logs contain information relevant to his claims, and the Aramark Defendants respond that foodservice logs for the general dining area are not kept. Mayberry replies that the logbooks necessarily contain relevant information because correctional staff are required to log food service times. He also replies that Aramark staff are required to log when food is removed from temperature control and that he is referring to dates when food was delivered to his cellhouse during lockdowns.

The court finds that that the request bears some relevance to the claims. However, with respect to the Aramark Defendants, it appears that they may have

6

produced logs showing when food is removed from temperature in their supplemental responses, which Mayberry does not address. Therefore, the court **DENIES** the Motion to Compel with respect to the Aramark Defendants for Request No. 4 at this time. With respect to the State Defendants, it remains unclear whether the cellhouse logbooks contain foodservice delivery times. Assuming the cellhouse logbooks contain responsive information, it is unclear why manual review of each entry would be necessary and why the State Defendants would not simply produce the logbooks in full. Therefore, the Motion to Compel is **GRANTED** with respect to the State Defendants on Request No. 4. The State Defendants should clarify whether the logs contain any responsive information. If so, the State Defendants should either produce the logs either in full or in relevant part or state specific objections explaining why they are unable do so.

In the Motion to Compel, Mayberry argues that the Aramark Defendants' response is inadequate with respect to Request No. 5.

> **Request No. 5:** Please produce any and all documents identifying the foodservice suppliers (e.g., meat, bread, soy, fruit, and vegetable suppliers) and the purchase specifications, including without limitation, dates said purchasers were made for three years before and after the dates relevant to the incident.
>
> **Aramark response:** Defendants object to this request insofar as it calls for documents that are irrelevant to the issues in this case. The request is also overbroad in its scope because it seeks information for a three-year period before and after the "incident." The scope of the inquiry is limited to . . . November 2021 through April 2022. Subject to and without waiving that objection, the kosher meals at the time were prepared offsite by a provider known as Singlesource.

[DE 108 at 5]. Mayberry argues that his claim against Aramark regarding their unconstitutional policies and practices allows for discovery beyond the specific timeframe of his claims and that the Aramark Defendants can obtain responsive documents from their vendors. The Aramark Defendants respond that information about the suppliers and the source of food is irrelevant.

The court agrees that that it is unclear how the identity of the food vendors and the dates of purchase are materially relevant to the condition of the food when it was served to Mayberry. The request is also vastly overbroad because the request is not limited to purchases for the Miami Correctional Facility. Even assuming relevance and limiting the request to purchases relating to the Miami Correctional Facility, the court would find that a request spanning six-and-a-half years to be disproportionate to the needs of this case even when accounting for the policy-and-practice claim. Therefore, the Motion to Compel is **DENIED** with respect to Request No. 5.

In the Motion to Compel, Mayberry argues that the Aramark Defendants' response to Request No. 6 was inadequate. In that request, Mayberry sought "any and all documents identifying any and all ingredients and nutritional value of each item of foodservice provided to me during the calendar years of 2021 and 2022, including without limitation, the packets of drink mix and morning beverage." [DE 94 at 6]. The Aramark Defendants responded that they would supplement with "the standard menu for Fall/Winter of 2021." [DE 117 at 6]. Mayberry replies that this supplement will be inadequate because it does not contain the requested information. Following this reply, the Aramark Defendants supplemented their response with documents that are

8

purportedly responsive to Request No. 6. [DE 131; DE 132]. While Mayberry addressed this supplemental response to some degree in his reply, he had not yet reviewed the supplemental response. Therefore, the court **DENIES** the Motion to Compel with respect to the Aramark Defendants on Request No. 6 at this time.

In the Motion to Compel, Mayberry argues that the responses from both sets of Defendants are inadequate with respect to Request No. 7. In that request, Mayberry sought "any and all documents relating to or identifying any complaint(s) against you for similar claims (in relation to the incident)." [DE 94 at 8]. Defendants object that this request is overbroad, unduly burdensome, and seeks information available to Mayberry through public records. [DE 107 at 7-8; DE 108 at 4-5].

The court finds that the primary problem with the request is that it is vastly overbroad. It does not limit itself with respect to time or location, and the Aramark Defendants represent that Aramark provides correctional food services for fifteen states at hundreds of locations and has existed since 1977. It also encompasses legal complaints that might be entirely or mostly unsubstantiated and thus of limited probative value. Consequently, the court **GRANTS IN PART** the Motion to Compel with respect to Request No. 7. Defendants should state whether they have been successfully sued[2] for failing to provide adequate nutrition to a prisoner at the Miami Correctional Facility from November 2020 through April 2023, and, if so, produce a list

---

[2] For purposes of this order, the court defines a "successful lawsuit" as a lawsuit in which a court or jury found that the defendant was liable for a claim relating to inadequate nutrition, or in which such a claim survived summary judgment and was later settled.

9

of the lawsuits, including the caption, case number, and the court in which the lawsuit was filed.

In the Motion to Compel, Mayberry asserts that the responses of both sets of defendants were inadequate with respect to Request No. 8. In that request, Mayberry sought "any and all documents identifying your obligations to follow state and federal law, and state policy, with respect to your duty to provide foodservice to IDOC prisoners." [DE 94 at 8]. Defendants each provided the departmental policy on "the Development and Delivery of Foodservices." [DE 107 at 8; DE 108 at 5]. Mayberry argues that that these responses are incomplete because the policy references State law and various standards that Defendants have not produced. The Aramark Defendants respond that it is unclear what additional information Mayberry seeks, and the State Defendants respond that it amounts to a request for them to conduct legal research on Mayberry's behalf. In reply, Mayberry clarifies with particular citation to the departmental policy in which it references "ISDH Rules and Regulations", "Foodservice Sanitation Requirements," and "the Indiana State Department of Health Retail Food Establishment Sanitation Requirements." [DE 107 at 43].

Here, too, the court finds that the request as written is overly broad as it appears to require Defendants to canvass the law for judicial opinions, statutes, and regulations that might apply to serving food to prisoners. The cited portions of the departmental policy appear to refer to the administrative regulations for the Indiana Department of Health. These regulations are available online, including through LexisNexis, a legal research service to which Mayberry has regular access. Consequently, the court declines

10

to order Defendants to produce these regulations. Mayberry's access to LexisNexis might not be entirely reliable, but, if Mayberry needs more time to conduct legal research, the proper course is to seek an extension of time rather than seeking legal research materials from Defendants. Therefore, the Motion to Compel is **DENIED** with respect to Request No. 8.

In the Motion to Compel, Mayberry argues that the response of both sets of Defendants to Request No. 9 is inadequate. In that request, Mayberry sought "any and all documents identifying your records, obligations, and policies of overseeing, training, supervising, and reprimanding Aramark and its IDOC employees." [DE 94 at 8]. The Aramark Defendants respond that they do not have any documents "identifying" their employment-related "records, obligations, and policies." [DE 117 at 10-11]. They further request that, if the court interprets the request differently, the scope should be limited to November 2021 to November 2022 and the Miami Correctional Facility. *Id.*

The court finds that the request as written is difficult to parse but that the motion to compel provides some clarity. With respect to the State Defendants, Mayberry clarifies that he seeks relevant State and federal laws and departmental policies. The court again declines to require Defendants to conduct legal research on his behalf, and, to the extent he seeks additional policies, it is unclear why the produced policy is insufficient.

With respect to the Aramark Defendants, the Motion to Compel suggests that Mayberry is seeking corporate policies relating to the supervision, training, and discipline of Aramark's employees. The court also finds that some limitation as to time

11

and location is warranted and that the limitation proposed by the Aramark Defendants is not unreasonable. Consequently, the court **GRANTS IN PART** Motion to Compel with respect to the Aramark Defendants on Request No. 9. The Aramark Defendants should produce the corporate policies relating to the supervision, training, and discipline of Aramark's employees that were in effect at the Miami Correctional Facility from November 2021 through November 2022.

In the Motion to Compel, Mayberry argues that the Aramark Defendants' response to Request No. 10 was inadequate.

> Request No. 10: Please produce any and all documents, including without limitation, audit records for the three years prior and after the incident, identifying records reflecting the dates that you initially stocked foodservice products and the length of time you stored these items before discarding or replacing them.

[DE 108 at 6]. The Aramark Defendants object on the basis that this request is vague and that "[b]ased on the request as phrased," they do not have any responsive documents. *Id.* They also object on the basis that any documents relating to the periods of time other than from November 2021 to April 2022 are irrelevant to this case. *Id.* Mayberry argues that he may rely on other periods of time for his policy-or-practice claim against Aramark.

While the request is not a model of clarity, it appears to request documentation of the dates food products were stocked (or received), discarded, and replaced. Further, information from other periods of time may be broadly relevant to Mayberry's claim against Aramark, but it is unclear why such information would be material or necessary here. The scope of the claim spans six months, which is a substantial amount of time,

12

and Mayberry has attested that he was served spoiled food on a regular basis throughout this time. Therefore, the Motion to Compel is **GRANTED IN PART** with respect to the Aramark defendants on Request No. 10. To the extent they exist, the Aramark Defendants should produce documentation of the dates food products were received, discarded, and replaced from November 2021 to April 2022.

In the Motion to Compel, Mayberry argues that the Aramark Defendants' response to Request No. 11 is inadequate. In that request, Mayberry sought "documents identifying your education level and any other documentation of schooling relevant to qualifying you to prepare, handle, store, and serve food to IDOC prisoners." [DE 94 at 9]. The Aramark Defendants responded that they would supplement their response and appear to have done so. [DE 117 at 12; DE 131; DE 132]. Though Mayberry argued that the supplemental response was inadequate, he did so before the Aramark Defendants had produced their supplemental response. Therefore, the court **DENIES** the Motion to Compel with respect to Request No. 11 at this time.

In the Motion to Compel, Mayberry argues that the Aramark Defendants' response to Request No. 12. In that request, Mayberry sought "documents identifying your financial accounting and bookkeeping for purchases of foodservice for three years prior and after the incident." [DE 94 at 9]. The Aramark Defendants object on the basis of relevance and that it seeks information outside the temporal scope of the claims. [DE 108 at 7]. Mayberry argues that information outside the temporal scope of his claims is relevant because of his policy-or-practice claim against Aramark. He also argues that this information is relevant because it could disclose that Aramark had a financial

13

motive to serve spoiled food to prisoners. The Aramark Defendants respond that they had no financial motive and that it would not appear in financial records if they had. They further respond that it is not necessary for Mayberry to demonstrate a financial motive to prevail on his claims.

Financial motive may bear some relevance to the issue of Aramark's culpability, but deliberate indifference may be demonstrated in other ways and without reference to financial motive. Given the volume of evidence already within Mayberry's possession and that will be produced pursuant to this order, it is unclear why he needs to pursue a financial motive theory. Further, Mayberry does not need financial records to pursue a financial motive theory; this type of evidence is not necessary to argue that a for-profit corporation has a financial motive or that restocking items costs a corporation money. Given the generally sensitive nature of financial records and given that they are not materially necessary for litigating this case, the court **DENIES** the Motion to Compel with respect to Request No. 12.

In the Motion to Compel, Mayberry argues that both sets of Defendants provided inadequate responses to Request No. 13. In that request, Mayberry sought "documents identifying your contracts between any foodservice provider and vice versa." [DE 94 at 9]. The State Defendants provided a supplemental response to this request after Mayberry filed a reply. [DE 126-1 at 305-95]. Therefore, the Motion to Compel is **DENIED** with respect to Request No. 13.

In the Motion to Compel, Mayberry argues that the Aramark Defendants provided an inadequate response to Request No. 14.

> Request No. 14: Please produce any and all documents identifying your contracts with any and all foodservice provider for fruits and vegetables, which *specifically* identifies the type and species of said item, the shelf life of said item, the geographical location of origin for said item, and time of travel (from geographical location of origin for said item, and time of travel (from geographic location to respective IDOC facility) and storage condition during said travel time for said item.

[DE 117 at 14 (italics added for emphasis)]. The Aramark Defendants respond that they do not have any contracts with foodservice providers that contains this specific information. [DE 108 at 7-8]. Mayberry offers no substantial basis to suggest that such contracts exist, and the court cannot order parties to produce documents that do not exist. Therefore, the Motion to Compel is **DENIED** with respect to Request No. 14.

In the Motion to Compel, Mayberry argues that the Aramark Defendants provided an inadequate response to Request No. 15. That request sought "contracts for the shipping company contracted to deliver foodservice items." [DE 94 at 9]. The Aramark Defendants respond that they do not have a shipping contract for foodservice and further objected on the basis that the request was overbroad and sought irrelevant information. [DE 108 at 8]. Mayberry argues that shipping contracts necessarily exist and that if the Aramark Defendants do not have it, they must obtain it from a third party and produce it.

Here, the court observes that Mayberry appears to be attempting to trace food items from the moment they are plucked from the farm to the moment they are served to him. Such extensive efforts are unnecessary to demonstrate that Aramark has a policy or practice of serving prisoners spoiled food at the Miami Correctional Facility. The lack of any limitations with respect to time or location further persuades the court that the

15

request seeks information is disproportionate to the needs of this case. Therefore, the Motion to Compel is **DENIED** with respect to Request No. 15.

In the Motion to Compel, Mayberry argues that the Aramark Defendants' response to Request No. 17 was inadequate. This request sought "documents identifying records, ledgers, and accounting of foodservice purchases and contracts between any party involved in the business of providing IDOC prisoners foodservice for the past ten years." [DE 94 at 10]. However, the State Defendants have since provided additional contracts [DE 126-1 at 305-95], and Mayberry does not suggest that he is dissatisfied with the supplemental response. Therefore, the Motion to Compel is **DENIED AS MOOT** with respect to Request No. 17.

In the Motion to Compel, Mayberry argues that the responses of both sets of Defendants to Request No. 18 and Request No. 19 are inadequate. Because these requests appear to primarily seek legal authority [DE 94 at 10], the court **DENIES** the Motion to Compel with respect to Request No. 18 and Request No. 19 for the same reasons it denied the Motion to Compel with respect to Request No. 8.

In the Motion to Compel, Mayberry argues that the Aramark Defendants' response to Request No. 20 is inadequate. In that request, he seeks "documents identifying logs of sack and foodservice preparation; temperature records; storage; and distribution to IDOC prisoners for the past ten years." [DE 94 at 10]. The Aramark Defendants produced some responsive documents but objected on the basis that this request is overbroad and disproportionate to the needs of this case. [DE 108 at 10]. However, the Aramark Defendants later supplemented their response to this request

16

after the date on which Mayberry filed his reply. [DE 131; DE 132]. Therefore, the court **DENIES** the Motion to Compel with respect to Request No. 20 at this time.

In the Motion to Compel, Mayberry argues that the Aramark Defendants' responses to Request No. 21 and Request No. 22 are inadequate. In Request No. 21, he sought "documents identifying foodservice audit records at MCF for the past ten years." [DE 94 at 10]. In Request No. 22, he seeks the same type of document "at any IDOC facility for the past ten years." *Id.* The Aramark Defendants objected that these requests were overbroad and referred Mayberry to the audit logs produced by the State Defendants spanning from September 2021 through June 2022. [DE 108 at 10-11].

The parties essentially dispute the temporal scope of the request. The courts that this expansive request seeks both irrelevant information and information that is disproportionate to the needs of this case. For example, it is unclear how foodservice at the Branchville Correctional Facility in 2015 would be relevant to the foodservice at the Miami Correctional Facility in 2021 and 2022. While some other requested audit logs might be more likely to contain relevant information, the audit logs produced by the State Defendants are the most relevant audit logs, and it is unclear why they are insufficient for purposes of litigating this case. Therefore, the Motion to Compel is **DENIED** with respect to Requests No. 21 and 22.

In the Motion to Compel, Mayberry argues that the Aramark Defendants' response to Request No. 23 was inadequate.

> Request No. 23: Please produce any and all documents identifying the Master Recipe File, including without limitation, calories values of all

17

> foodservice items, including but not limited to, foodservice items used to comprise sacks.

[DE 94 at 10]. The Aramark Defendants object that this request is overbroad and that caloric values do not relate to the central issues of whether Mayberry received spoiled food. [DE 117 at 18]. Mayberry argues that the nutritional value of his menus is relevant to his claims. The Aramark Defendants have since supplemented their response with food menus, which appear to contain some information regarding caloric values. [DE 131; DE 132]. Though Mayberry replied that these menus are inadequate, he did so prior to reviewing this supplemental response. Therefore, the Motion to Compel with respect to Request No. 23. is **DENIED** at this time.

In the Motion to Compel, Mayberry argues that the Aramark Defendants' response to Request No. 24 was inadequate.

> Request No. 24: Please produce any and all documents identifying foodservice budgeting, purchasing, and accounting practices, including without limitation:
>
> a. Food expenditure cost accounting designed to determined cost per meal per incarcerated individual;
>
> b. Estimation of foodservice requirement;
>
> c. Purchase of supplies at wholesale and other favorable prices and conditions, when available;
>
> d. Religious meals and religious eats;
>
> e. Celebratory holiday meal costs;
>
> f. Fresh favorite food sales and costs;
>
> g. Determination of, and responsive to, incarcerated individuals eating preferences; and

18

    h. Refrigeration of food, with specific storage time and records.

[DE 94 at 11]. The Aramark Defendants object on the basis of relevance [DE 108 at 12], and Mayberry argues that these documents are relevant to prove financial motive. For the reasons set forth above with respect to Request No. 12, the court also DENIES the Motion to Compel with respect to Request No. 24.

  In a separate motion, Mayberry seeks sanctions against defense counsel in connection with his Motion to Compel. [DE 123]. He asserts that defense counsel has lodged frivolous and bad faith objections, misinterpreted the scope of his claims, and sent him unresponsive documents. The court cannot find that Defendants' discovery efforts in this case warrant sanctions. Their participation in discovery has been substantial with timely responses to discovery requests and discovery motions and the production of several sets supplemental responses without court intervention. At this stage of the proceedings, they have produced thousands of pages of responsive documents.

  Significantly, discovery is not an exact science. Misunderstandings between parties regularly occur during the discovery stage, and not all of them are unreasonable or are otherwise sanctionable. Certainly, it would have been preferable for defense counsel to have avoided making any mistakes, but neither the federal rules nor the rules of professional ethics require perfection from counsel. Defendants appear to have conceded to and corrected several of their misunderstandings without court intervention. Further, though the court disagreed with some objections, it agreed with

others, and it does not find that any of them were so unreasonable or egregious as to warrant sanctions. Objections, too, are often debatable, and the court generally has substantial discretion in resolving them. For example, there is simply no bright-line rule as to the appropriate temporal scope for discovery requests. If the parties disagree, the court must necessarily rule against one or both parties in order to resolve the discovery dispute. Under such garden-variety circumstances, sanctions will rarely be warranted. Therefore, the Motion for Sanctions [DE 123] is **DENIED**.

For these reasons, the court:

(1) **GRANTS IN PART** the Motion to Compel [DE 110];

(2) **ORDERS** Defendants to respond consistent with this Order by September 19, 2025; and

(3) **DENIES** the Motion for Sanctions [DE 123].

ENTERED this 26th day of August, 2025.

/s/ Andrew P. Rodovich
United States Magistrate Judge