UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY MARCUS MAYBERRY,

    Plaintiff,

          v.                                  CAUSE NO. 3:23-CV-1023

NATE PULLEY, *et al.*,

    Defendants.

**OPINION AND ORDER**

This matter is before the court on multiple motions [DE 133; DE 135; DE 136; DE 140; DE 143; DE 145] filed by the parties. Timothy Marcus Mayberry, a prisoner without a lawyer, filed motions [DE 136; DE 140; DE 143; DE 145] relating to his deposition and the production of financial information, and the defendants, by counsel, have filed opposing motions [DE 133; DE 135]. For the reasons set forth below the court **DENIES** [DE 133; DE 143], **DENIES WITHOUT PREJUDICE** [DE 145], **GRANTS WITHOUT PREJUDICE** [DE 135], and **GRANTS** [DE 140; DE 136].

Under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Rule 26 vests this Court with broad discretion in determining the scope of discovery, which the Court exercises mindful that the standard for discovery under Rule 26(b)(1) is widely recognized as one that is necessarily broad in its scope in order to allow the parties

essentially equal access to the operative facts." *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1021 (N.D. Ill. 2000). The court has "broad discretion over discovery matters." *Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004).

Mayberry proceeds on an Eighth Amendment claim for damages against Supervisor Nate Pulley, Deputy Warden George Payne, Warden William Hyatte, Commissioner Christina Reagle, and Commissioner Robert Carter, Jr., for acting with deliberate indifference to his right to nutritionally adequate food from November 2021 through April 2022 at the Miami Correctional Facility. [DE 31]. He also proceeds on an Eighth Amendment claim against Aramark Corporation for a policy of providing spoiled and rotten food, resulting in Mayberry receiving inadequate nutrition from November 2021 through April 2022. *Id.* Notably, Defendants are represented by two sets of counsel, and for ease of reference, the court will refer to Supervisor Pulley and Aramark as "the Aramark Defendants" and to Deputy Warden Payne, Warden Hyatte, Commissioner Reagle, and Commissioner Carter as "the State Defendants."

The Aramark Defendants filed a Motion to Compel Mayberry's deposition testimony. [DE 133]. They explain that the State Defendants obtained leave of court to conduct Mayberry's deposition under Fed. R. Civ. P. 30(a)(2)(B) due to Mayberry's status as a prisoner. They set it for June 20, 2025, via Zoom. [DE 119]. Aramark counsel attended the deposition, but when he attempted cross-examine Mayberry, Mayberry refused to respond, citing the Aramark Defendants' lack of leave under Fed. R. Civ. P. 30(a)(2)(B). The Aramark Defendants argue that they did not need leave of court merely

2

to cross-examine Mayberry. Mayberry responds that the Aramark Defendants did need leave of court and seeks a protective order. [DE 129; DE 143].

The court agrees with the Aramark Defendants' interpretation of the Federal Rule of Civil Procedure 30(c)(1): "The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence." If Mayberry had counsel, the court would not have required Mayberry's counsel to obtain leave of court to cross-examine Mayberry at this deposition. The court finds no persuasive basis for treating counsel representing a second set of defendants with separate interests and separate counsel differently.

Nevertheless, the court acknowledges that the better practice would have been for the Aramark Defendants to have sought leave of court before participating in this deposition. The line between appropriate questions for direct examination and appropriate questions for cross-examination is not always clear, but this distinction would have been irrelevant if the Aramark Defendants had obtained leave of court here. Further, seeking leave of court in advance would promote clarity and judicial economy by preempting certain potential objections by an inmate-plaintiff or the facility. Moreover, the burden of seeking leave of court is relatively modest.

Against this backdrop, the court will deny both the Motion to Compel and the Motion for a Protective Order. The court will instead grant the Aramark Defendants leave to depose Mayberry. The court further clarifies that the State Defendants also may participate as necessary to follow up on Mayberry's testimony at this second deposition.

3

The parties' next discovery dispute is focused on Mayberry's second set of requests for production, which consist of a single request with multiple subparts.

> Request No. 1: Please produce, in substance, with specificity, your financial records for the past three years, including without limitation, any: (A) Annual report; (B) Appraisal or other business valuation; (C) Cash flow statement; (D) Federal and state tax returns; (E) Financial forecast; (F) Financial statement; (G) bankruptcy filings; (H) GDP (gross domestic product); (I) Statement of revenues and liabilities; (J) Duns & Bradstreet and/or any other corporation operating number; (K) Assets and liabilities; (L) Loan applications; (M) Real properties; (N) Mortgages; Debt instruments; and (O) W-2 and 1099 statements.

[DE 115]. In response to this request, the State Defendants lodged objections, and the Aramark Defendants filed a motion for protective order. [DE 126; DE 135]. Defendants argue that this request seeks information that is disproportionate to this case and that there are security concerns regarding inmates possessing such extensive information about prison staff. Mayberry filed a motion to compel their response to this request, arguing that this information is relevant for purposes of punitive damages. [DE 145].

The court agrees that the request as written is disproportionate to the needs of this case, and the security-related concerns are well-taken. Nevertheless, the court also agrees that Mayberry is entitled to some financial information as a result of his punitive damages request if this matter proceeds to trial.

It is anticipated that the Defendants will file a motion for summary judgment directed to all issues in this case, especially the issue of punitive damages. The motion seeking financial information is **DENIED WITHOUT PREJUDICE**. If the claim for punitive damages remains in the case for trial, Mayberry can renew his motion at that time.

Mayberry filed a Motion to Seal his Medical Records. [DE 140]. On April 4, 2025, the State Defendants produced his medical records as discovery and filed them pursuant to the local rules. [DE 126-1]. Because this case remains in discovery and because it is presently unclear whether these particular medical records will be material to resolving this case, the court **GRANTS** this motion [DE 140]. However, if the parties file a dispositive motion relying on any of these materials, there is a presumption that they will become part of the public record. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002) ("[V]ery few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed."); *Matter of Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992) ("What happens in the halls of government is presumptively open to public scrutiny. Judges deliberate in private but issue public decisions after public arguments based on public records.").

Finally, the parties have requested extensions of court deadlines because they need additional time to complete discovery. [DE 133; DE 136]. Consequently, the court will extend these deadlines.

For these reasons, the court:

(1) **DENIES** the Motion to Compel Deposition Testimony [DE 133];

(2) **DENIES** the Motion for a Protective Order [DE 143];

(3) **GRANTS** Aramark and Nate Pulley leave to depose Timothy Marcus Mayberry as provided by Fed. R. Civ. P. 30(d)(1) prior to the close of discovery and subject to making reasonable arrangements with the Indiana State Prison;

(4) **DENIES WITHOUT PREJUDICE** the Motion to Compel [DE 145];

5

(5) **ORDERS** Defendants to respond consistent with this Order by August 25, 2025;

(6) **GRANTS WITHOUT PREJUDICE** the Motion for a Protective Order [DE 135];

(7) **GRANTS** the Motion to Seal [DE 140];

(8) **DIRECTS** the Clerk to maintain [DE 126-1] under seal;

(9) **GRANTS** the Motion to Extend [DE 136];

(10) **EXTENDS** the deadline to initiate discovery to September 18, 2025;

(11) **EXTENDS** the deadline to complete discovery to October 30, 2025; and

(12) **EXTENDS** the deadline to file dispositive motions to November 20, 2025.

ENTERED this 2nd day of September, 2025.

/s/ Andrew P. Rodovich
United States Magistrate Judge