UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY MARCUS MAYBERRY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-1023-TLS |
| NATE PULLEY, et al., | |
| Defendants. | |

OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a motion to compel responses to his requests for production from the defendants. ECF 190. Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Rule 26 vests this Court with broad discretion in determining the scope of discovery, which the Court exercises mindful that the standard for discovery under Rule 26(b)(1) is widely recognized as one that is necessarily broad in its scope in order to allow the parties essentially equal access to the operative facts." *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1021 (N.D. Ill. 2000) (citation omitted). The court has "broad discretion over discovery matters." *Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004).

Mayberry proceeds on an Eighth Amendment claim for damages against Supervisor Nate Pulley, Deputy Warden George Payne, Warden William Hyatte, Commissioner Christina Reagle, and Commissioner Robert Carter, Jr., for acting with deliberate indifference to his right to nutritionally adequate food from November 2021 through April 2022 at Miami Correctional Facility. ECF 31. He also proceeds on an Eighth Amendment claim for damages against

Aramark Corporation for a policy of providing spoiled and rotten food, resulting in Mayberry receiving inadequate nutrition from November 2021 through April 2022. *Id.* Notably, the defendants are represented by two sets of counsel, and, for ease of reference, the court will refer to Supervisor Pulley and Aramark as "the Aramark defendants" and to Deputy Warden Payne, Warden Hyatte, Commissioner Reagle, and Commissioner Carter as "the State defendants."

On January 21, 2025, Mayberry filed requests for production directed at all defendants. ECF 94. On April 30, 2025, the Aramark defendants and the State defendants each filed responses. ECF 107, ECF 108. On May 2 and June 24, 2025, the Aramark defendants supplemented their responses. ECF 109, ECF 131, ECF 132. On May 9, 2025, Mayberry filed his first motion to compel. ECF 110. On June 23, 2025, the State defendants supplemented their responses. ECF 126. On July 11, 2025, Mayberry filed a second motion to compel. ECF 145. On August 26, 2025, the court entered an order partially granting the first motion to compel. ECF 159. On September 19, 2025, both sets of defendants supplemented their responses. ECF 167, ECF 168. On November 19, 2025, the State defendants supplemented their responses. ECF 189. On the same day, the court observed that some of Mayberry's filings had suggested that discovery issues remained; the court also noted that Mayberry had not presented them in the proper form and the possibility that the parties had resolved the issues on their own accord. ECF 188. The court also expressed its preference for resolving discovery issues before proceeding to the summary judgment stage. *Id.* Consequently, the court vacated the dispositive motion deadline and ordered the parties to file any motions related to discovery. *Id.*

On December 2, 2025, Mayberry filed his third motion to compel, which remains pending.[1] ECF 190. In this motion, Mayberry observes that the court declined to consider his

---

[1] Mayberry titled this motion as "Plaintiff's Second Verified Motion to Compel Discovery," but it is the third motion to compel discovery that he has filed in this case.

2

arguments with respect to certain discovery requests because the arguments did not account for the Aramark defendants' supplemental responses. These discovery requests included Request Nos. 2, 6, 11, 20, and 23 of the First Set of Requests for Production. Mayberry now contends that he is unable to "obtain, possess, or review" these supplemental responses because the Aramark defendants produced them via DVD. ECF 190 at 1. In response, the Aramark defendants demonstrate that they have coordinated with prison staff to allow Mayberry access to the DVD. In reply, Mayberry represents that "the facility has not taken any steps to facilitate his access to view the DVD" and that he cannot review the discovery on the DVD without losing time in the law library that he could spend on his other legal cases. ECF 200 at 1. He seeks paper copies of these discovery documents and leave to file another motion to compel once he has had an opportunity to review them.

As an initial matter, it is unclear how to reconcile Mayberry's assertions that he cannot "obtain" or "review" the discovery and that prison officials "have not taken any steps" to assist him with accessing the DVD with his assertion that prison officials have offered him access to the DVD at the expense of lost library time. Further, it is necessarily and universally true that time spent working on one legal case will leave less time for work on other legal cases. At base, it appears that the Aramark defendants have made the discovery documents available to Mayberry and that Mayberry's request for paper copies is more a matter of inconvenience rather than inaccessibility.

Relatedly, Mayberry filed a motion for law library time. ECF 198. He explains that he needs a court order for daily law library access because an order for law library access will soon expire. The very nature of this request strongly implies that Mayberry has already expended law library time for purposes of conducting discovery in this case. Further, Mayberry has been able to access the DVD since at least September 2, 2025. ECF 160. Additionally, Mayberry would not

3

have needed substantial time to assess whether the supplemental discovery warranted filing a motion to compel. While the supplemental discovery is voluminous, nearly all of it consists of daily food logs, each one substantially similar to the next, spanning from September 2021 to April 2022. Given this lack of diligence, the court declines to grant Mayberry an additional opportunity to file a motion to compel discovery with respect to Request Nos. 2, 6, 11, 20, and 23 of the First Set of Requests for Production.

      The court also denies the motion for law library time. The court does not ordinarily enter orders for law library time in civil cases particularly when an extension of time will suffice. Further, Mayberry indicates that he presently has daily access to the law library, and, though he represents that his court order for law library time from another case will "soon" expire, he provides no specific dates or details as to when. Nevertheless, the court will grant Mayberry's request for paper copies. The court remains cognizant of Mayberry's status as a *pro se* prisoner, and paper copies will likely assist Mayberry in preparing for the next stages of litigation and may mitigate the need for future extensions. Consequently, the court orders the Aramark defendants to serve papers copies of any discovery provided to Mayberry by DVD.

      Mayberry also maintains that the court did not address his prior argument that the State defendants improperly shifted its obligation to respond to his discovery request to the Aramark defendants. He specifically references Request No. 2 of his First Set of Requests for Production in which he seeks "any and all documents that identify all foodservice contract employees who worked for you between November 2021 and April 2022." ECF 94 at 8. In a prior discovery order, the court declined to address the arguments directed at both sets of defendants because they did not account for the Aramark defendants' supplemental discovery responses. ECF 159 at 4–5. The court now clarifies that it was not willing to order the State defendants to produce documents that the Aramark defendants may have already produced.

Mayberry contends that "State defendants concurrently carry an obligation to produce discovery to produce discovery in Aramark Defendants' possession." ECF 190 at 2. However, the case law cited by Mayberry stands only for the proposition that parties may be required to produce discovery materials in the possession of non-parties if the party in question can be fairly characterized as having control over the material. *See Seah Chee Wei v. Rocky Point Int'l LLC*, No. 16-CV-1282, 2017 WL 3911585, at *1 (E.D. Wis. Sept. 6, 2017); *Engel v. Town of Roseland*, No. 3:06-CV-430, 2007 WL 2020171, at *2 (N.D. Ind. July 6, 2007); *Henderson v. Zurn Indus., Inc.*, 131 F.R.D. 560, 567 (S.D. Ind. 1990). The circumstances here are significantly different with the court merely seeking to avoid ordering the State defendants to produce discovery that the Aramark defendants may have already produced. Because this motion to compel similarly does not account for the Aramark defendants' supplemental requests, it is denied with respect to Request No. 2 of the First Requests for Production.

In the motion to compel, Mayberry next focuses on the court's denial of the requests for financial information in Request Nos. 12 and 24 of the First Set of Requests for Production. He contends that the court "isolated its relevancy inquir[y] to my burden of proof at the liability stage" and did not account for his need to make his case for punitive damages to the jury at trial. ECF 190 at 2. While the court did not discuss punitive damages in connection with Request Nos. 12 and 24, the court discussed punitive damages in connection with Request No. 1 of the Second Set of Requests for Production in a separate order. ECF 162. There, the court balanced the concerns relating to privacy and security asserted by the defendants against the material relevance of the financial information and concluded that it would deny the motion to compel without prejudice to refiling it if Mayberry's claims survived summary judgment. Similarly, the court will deny this portion of the motion to compel without prejudice to refiling it if Mayberry's claims survive summary judgment.

As a final matter, Mayberry and the State defendants seek sanctions, asserting that the other party has raised frivolous arguments in connection with the motion to compel. ECF 193 at 2; ECF 194 at 3. The State defendants also seek to strike Mayberry's reply in support of his motion to compel, arguing that Mayberry has improperly raised matters beyond the scope of his motion to compel. ECF 195. The court does not find that either party's arguments warrant sanctions. Nor does the court find that allowing Mayberry's reply brief to remain on the docket would prejudice the State defendants, so the court denies the motion to strike.

For these reasons, the court:

(1) GRANTS in part and DENIES in part the motion to compel (ECF 190);

(2) ORDERS the Aramark defendants to file a notice that they have served Timothy Marcus Mayberry with paper copies of the supplemental discovery by March 17, 2026;

(3) DENIES the motion for law library access (ECF 198);

(4) DENIES the motion to strike (ECF 195); and

(5) ORDERS the parties to file any dispositive motions by April 15, 2026.

SO ORDERED on March 2, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L SPRINGMANN
UNITED STATES DISTRICT COURT